# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: February 26, 2024

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| ADONNIS CONNER, | * | |
| | * | |
| Petitioner, | * | No. 22-1133V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

*Jubaile Abila*, Groth Law Firm, S.C., Brookfield, WI, for petitioner.
*Tyler King*, U.S. Dept. of Justice, Washington, D.C., for respondent.

## DECISION ON DAMAGES[1]

On August 30, 2022, Adonnis Conner ("petitioner") filed a petition in the National Vaccine Injury Compensation Program.[2] Petition (ECF No. 1). Petitioner alleged that the influenza ("flu") vaccine he received on October 16, 2019 caused him to suffer a shoulder injury related to vaccine administration ("SIRVA"). *Id.* Respondent filed his Rule 4(c) report, conceding entitlement to compensation on November 30, 2023. Resp't Rept. at 1 (ECF No. 29). The undersigned issued a Ruling on Entitlement on December 4, 2023, finding that petitioner was entitled to compensation. Ruling on Entitlement (ECF No. 31).

On February 26, 2024, respondent filed a Proffer on Award of Compensation, which indicates petitioner's agreement to compensation on the terms set forth therein. Proffer at 2 (ECF No. 39). The Proffer is attached hereto as Appendix A.

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). An objecting party must provide the court with a proposed redacted version of the opinion. *Id.* If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes. *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to 34 (2012) (hereinafter "Vaccine Act" or "the Act"). Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

**Consistent with the terms in the attached Proffer, I hereby award the following in compensation for all damages that would be available under 42 U.S.C § 300aa-15(a):**

1) **A lump sum payment of $60,000 in the form of a check payable to petitioner.**

The Clerk of the Court is directed to **ENTER JUDGMENT** in accordance with this decision.

**IT IS SO ORDERED.**

<u>s/ Thomas L. Gowen</u>
Thomas L. Gowen
Special Master

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| ADONNIS CONNER,<br><br>              Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>              Respondent. | No. 22-1133V<br>Special Master Gowen<br>ECF |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION[1]

**I.    Procedural History**

On August 30, 2022, Adonnis Conner ("petitioner") filed a petition for compensation ("petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34, *as amended*. He alleges that he sustained a Shoulder Injury Related to Vaccine Administration ("SIRVA"), as defined in the Vaccine Injury Table, within the Table time period following administration of an influenza vaccine he received on October 16, 2019. *See* Petition at 1. On November 30, 2023, respondent filed his Vaccine Rule 4(c) report, indicating that this case is appropriate for compensation under the terms of the Act for a SIRVA Table injury. ECF No. 30. On December 4, 2024, the Special Master issued a ruling on entitlement, finding that petitioner is entitled to compensation for a SIRVA Table injury. ECF No. 31.

---

[1] This proffer does not include attorneys' fees and costs, which the parties intend to address after the damages decision is issued.

II. **Items of Compensation**

    A. <u>Pain and Suffering</u>

Respondent proffers that petitioner should be awarded $60,000.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

This amount represents all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

III. **Form of the Award**

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Special Master's decision and the Court's judgment award the following[2]: a lump sum payment of $60,000.00, in the form of a check payable to petitioner.

IV. **Summary of Recommended Payment Following Judgment**

Lump sum payable to petitioner, Adonnis Conner: **$60,000.00**

    Respectfully submitted,

    BRIAN M. BOYNTON
    Principal Deputy Assistant Attorney General

    C. SALVATORE D'ALESSIO
    Director
    Torts Branch, Civil Division

    HEATHER L. PEARLMAN
    Deputy Director
    Torts Branch, Civil Division

    ALEXIS B. BABCOCK
    Assistant Director
    Torts Branch, Civil Division

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future pain and suffering.

/s/ Tyler C. King
TYLER C. KING
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel:  (202) 305-0730
Tyler.King@usdoj.gov

Dated:  February 26, 2024