# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: February 25, 2025

```
* * * * * * * * * * * *
ADONNIS CONNER,                      *
                                     *
                Petitioner,          *        No. 22-1133V
                                     *
        v.                           *        Special Master Gowen
                                     *
SECRETARY OF HEALTH                  *
AND HUMAN SERVICES,                  *
                                     *
                Respondent.          *
* * * * * * * * * * * *
```
*Jubaile Abila*, Groth Law Firm, S.C., Brookfield, WI, for petitioner.
*Tyler King*, U.S. Dept. of Justice, Washington, D.C., for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On August 23, 2024, Adonnis Conner ("petitioner"), filed a motion for Final Attorneys' Fees and Costs. Motion for Attorney Fees and Costs ("Fees App.") (ECF No. 44). For the reasons discussed below, I hereby **GRANT** petitioner's motion for attorneys' fees and costs and award a total of $25,551.74. *Id.*

### I.     Procedural History

On August 30, 2022, petitioner filed petitioner filed a petition in the National Vaccine Injury Compensation Program.[2] *See* Petition (ECF No. 1). Petitioner alleged that he suffered a shoulder injury related to vaccine administration ("SIRVA"), as a result of the influenza vaccine he received on October 16, 2019. Petition at 1.; Resp't Rept. at 1 (ECF No. 30). Respondent

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this decision contains a reasoned explanation for the action in this case, I am required to post it to a publicly available website. This decision will appear at https://www.govinfo.gov/app/collection/uscourts/national/cofc or on the Court of Federal Claims website. **This means the decision will be available to anyone with access to the Internet.** Before the decision is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the decision will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

conceded entitlement in the case, and a Ruling on Entitlement was issued on December 4, 2023. Ruling on Entitlement (ECF No. 31). Damages was resolved via proffer, and a Decision on Damages was entered on February 26, 2024.

Petitioner filed the instant motion for attorneys' fees on August 23, 2024 with the supporting documentation. Respondent filed his response on August 27, 2024 stating that "respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that "the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs." Resp. to Fees App. at 2, 4. (ECF No. 45).

The matter is now ripe for adjudication.

## II. Entitlement to Attorneys' Fees and Costs

### a. Legal Standard

The Vaccine Act provides that reasonable attorney's fees and costs "shall be awarded" for a petition that results in compensation. §15(e)(1)(A)-(B). Even when compensation is not awarded, reasonable attorneys' fees and costs "may" be awarded "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for which the claim was brought." § 15(e)(1). The Federal Circuit has reasoned that in formulating this standard, Congress intended "to ensure that vaccine injury claimants have readily available a competent bar to prosecute their claims." *Cloer v. Sec'y of Health & Human Servs.*, 675 F.3d 1358, 1362 (Fed. Cir. 2012). In the instant case, entitlement was conceded, and petitioner's claim resulted in compensation. Therefore, petitioner is entitled to reasonable attorneys' fees and costs.

## III. Reasonable Attorneys' Fees and Costs

### a. Legal Standard

As stated above, the Vaccine Act only authorizes "reasonable" attorneys' fees and costs. The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera*, 515 F.3d at 1349. Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347-58 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. *Id.* at 1348. Although not explicitly stated in the statute, the requirement that only reasonable amounts be awarded applies to costs as well as to fees. *See Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).

Special masters have "wide discretion in determining the reasonableness of both attorneys' fees and costs." *Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). They may look to their experience and judgment to reduce the number of hours billed to a level

they find reasonable for the work performed. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993). A line-by-line evaluation of the billing records is not required. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (1991), *aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993) (per curiam).

The petitioner "bea[rs] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson*, 24 Cl. Ct. at 484. Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484, n. 1. Counsel "should make a good faith effort to exclude from a fee request hour that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

### b. Hourly Rate

The interim fee decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon an individual's experience. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates. The Attorneys Forum Hourly Rate Fee Schedules for 2018-2023 can be accessed online.

Petitioner requests a total of $25,434.30 in attorneys' fees for work done by his attorney Jubaile Abila and for work done by attorneys Jerome Konkel, Ryan Truesdale, and Jonathan Groth. Fees App. at ¶¶ 3-6. Petitioner requests the following rates for the work of his counsel:

|  | 2020 | 2021 | 2022 | 2023 | 2024 |
|---|---|---|---|---|---|
| Jubaile Abila |  |  |  | $289 | $305 |
| Jerome Konkel | $380 | $455 | $490 | $525 | $555 |
| Ryan Truesdale |  | $325 | $350 | $370 |  |
| Jonathan Groth |  |  |  |  | $475 |

These rates are consistent with the Forum Hourly Rate Fee Schedules and are consistent with what has been awarded to each attorney in each respective year. Petitioner also requests fees for work performed by paralegal, Jennifer Varga in the following amounts: $112 per hour for work performed in 2020; $170 per hour for work performed in 2023; and $182 per hour for work performed in 2024. The requested rates are consistent with the Forum Hourly Rate Fee Schedules and are consistent with what has been awarded previously. Thus, I find all requested rates to be reasonable for the work performed in this case.

### c. Hours Expended

A line-by-line evaluation of the fee application is not required and will not be performed. *Wasson*, 24 Cl. Ct. at 484. Rather, I may rely on my experience to evaluate the reasonableness of hours expended. *Id.* Just as "[t]rial courts routinely use their prior experience to reduce

hourly rates and the number of hours claimed in attorney fee requests …. [v]accine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

After review of the submitted billing statement, I find that the overall hours spent on this matter are reasonable. The entries are reasonable and accurately describe the work performed and the length of time it took to perform each task. *See generally* Int. Mot. Ex. B. Respondent has also not identified any particular entries as objectionable. *See* Resp't Resp. to Int. Mot. Therefore, petitioner is entitled to $25,434.30 in attorneys' fees.

### d. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992). Petitioner requests a total of $117.44 in costs for the acquisition of medical records. Int. Mot. at 1. Such costs are typical in the Vaccine program and are reasonable. Therefore, petitioner is entitled to recover the full amount of his requested costs in the amount of $117.44.

## IV. Conclusion

In accordance with the above, petitioner's motion for final attorneys' fees and costs is hereby **GRANTED. Accordingly, I award the following:**

1) **A lump sum in the amount of $25,551.74 representing reimbursement for attorneys' fees and costs, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance herewith.[3]

**IT IS SO ORDERED.**

**s/ Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).